IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Criminal Action No. 24- 65 |
| ) | |
| BLAINE MURPHY, ) |  |
| ) | |
| Defendant. ) | |

## INDICTMENT

The Grand Jury for the District of Delaware charges that:

*Background*

FILED
MAY 28 2024
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

At all times relevant to this Indictment:

1. The Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") was a federal law enacted in or about March 2020. The CARES Act provided emergency financial assistance to the millions of Americans suffering the economic effects of the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses through a program referred to as the Paycheck Protection Program ("PPP").

2. To obtain a PPP loan, a qualifying business had to submit a PPP loan application signed by an authorized representative of the business. The PPP loan application required the business, through its authorized representative, to acknowledge the program rules and to make affirmative certifications to be eligible for the PPP loan. For example, in the PPP loan application, the business, through its authorized representative, had to state, among other things, its average monthly payroll expenses and number of employees. In addition, the business had to provide documentation, such as federal tax forms, showing its payroll expenses. These figures were used

1

to calculate the amount of money the business was eligible to receive under the PPP. The business also had to indicate whether the business or any owner of the business owned or commonly managed any other business.

3. Once a qualifying business completed a PPP application, a participating lender, or agent on behalf of a participating lender, processed the application. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which the U.S. Small Business Association ("SBA") guaranteed. In the course of processing the PPP loan, the lender transmitted data from the loan application to the SBA, including information about the borrower, the total amount of the loan, and the identified number of employees.

4. Proceeds from a PPP loan were legally required to be used only for certain permissible business expenses, including payroll costs, mortgage interest, rent, and utilities. Under the applicable PPP rules and guidance, the interest and principal on the PPP loan were eligible for forgiveness if the business spent the loan proceeds on permissible items within a designated period of time and used a certain portion of the loan toward payroll expenses.

5. Between on or about April 16, 2020, and on or about June 30, 2020, BLAINE MURPHY ("MURPHY") submitted or caused to be submitted thirteen (13) fraudulent PPP loan applications, nine (9) of which were approved, to the SBA and its authorized lenders. Those thirteen (13) loan applications were made on behalf of nine (9) entities controlled by MURPHY. Each of the loan applications falsely stated the number of employees, the average monthly payroll, or both. Each of the loan applications also falsely stated that neither the business nor any owner of the business owned or commonly managed any other business. Twelve (12) of the loan applications included false and fraudulent tax documentation.

6. The entities MURPHY controlled, and their associated bank accounts, include but

are not limited to:

a. Ocean Horizons Maritime Unlimited LLC ("OCEAN HORIZONS"), a business purportedly located in Naples, Florida. MURPHY opened and controlled County Bank Account ending in 3686 in the name of OCEAN HORIZONS.

b. Buchanen Family LLC ("BUCHANEN FAMILY"), a business purportedly located in Rehoboth Beach, Delaware. MURPHY opened and controlled County Bank Account ending in 9018 in the name of BUCHANEN FAMILY.

c. Michele My Belle LLC ("MICHELE MY BELLE"), a business purportedly located in Rehoboth Beach, Delaware. MURPHY opened and controlled County Bank Account ending in 8982 in the name of MICHELE MY BELLE.

d. Money-Line Mortgage LLC ("MONEY-LINE"), a business purportedly located in Rehoboth Beach, Delaware.

e. North American Title and Servicing, LLC ("NORTH AMERICAN"), a business purportedly located in Naples, Florida. MURPHY opened and controlled Bank of America Account ending in 4099 in the name of NORTH AMERICAN.

f. Fountainview LLC ("FOUNTAINVIEW"), a business purportedly located in Santa Fe, New Mexico. MURPHY opened and controlled Bank of America Account ending in 0094 in the name of FOUNTAINVIEW.

g. Port of the Islands Real Estate LLC ("PORT OF THE ISLANDS"), a business purportedly located in Naples, Florida. MURPHY opened and controlled Bank of America Account ending in 0078 in the name of PORT OF THE ISLANDS.

    h. Collector Vehicle LLC ("COLLECTOR VEHICLE"), a business purportedly located in Naples, Florida.

    i. Investment Servicing Center, LLC ("INVESTMENT SERVICING"), a business purportedly located in Naples, Florida. MURPHY opened and controlled Bank of America Account ending in 9995 in the name of INVESTMENT SERVICING.

7. County Bank is a financial institution located in Rehoboth Beach, Delaware, the accounts of which are insured by the Federal Deposit Insurance Corporation.

8. As a result of the false applications, MURPHY obtained approximately $385,361.50 from the nine (9) approved loan applications.

9. Once MURPHY obtained the PPP loan proceeds, he caused some of those funds to be spent on unauthorized purchases and other personal expenses not permitted under the terms of the loans.

## COUNT 1

### (Wire Fraud – Ocean Horizons Maritime Unlimited LLC)

10. The allegations set forth in paragraphs 1 through 9 of this Indictment are re-alleged as if fully set forth herein.

11. On or about May 11, 2020, MURPHY submitted a fraudulent online application to County Bank for a PPP loan on behalf of OCEAN HORIZONS, seeking $43,822.50 in PPP funds. In the application, MURPHY falsely represented that OCEAN HORIZONS employed three (3) people and paid an average monthly payroll of $17,529. MUPRHY also falsely stated that neither he nor any owner of OCEAN HORIZONS owned or had common management with any other business. MURPHY further caused to be submitted to County Bank false and fraudulent tax

documents, including Internal Revenue Service ("IRS") Forms 941 and W-3, for the 2019 tax year.

12. As a result of that fraudulent application, on or about May 13, 2020, County Bank approved the PPP loan application and deposited via wire transfer $43,822.50 into a County Bank account ending in 3686.

13. Contrary to the fraudulent representations made by MURPHY, OCEAN HORIZONS did not employ three (3) people or pay a monthly payroll of $17,529; MURPHY owned or managed other businesses, such as those on behalf of which he submitted other PPP loan applications; and OCEAN HORIZONS did not file with the IRS any of the tax documents MURPHY caused to be submitted to County Bank.

*Charging Paragraph*

14. From on or about May 11, 2020, through on or about May 13, 2020, in the District of Delaware and elsewhere, the defendant, BLAINE MURPHY, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, as described in paragraphs 10 through 13 above, incorporated herein by reference, and for the purposes of executing such scheme, did knowingly transmit and cause to be transmitted by means of a wire communication in interstate commerce, the following:

- On or about May 11, 2020, an electronic loan application sent to County Bank in Delaware from MURPHY, who lived in Florida.

All in violation of 18 U.S.C. § 1343.

## COUNT 2

### (Wire Fraud – Buchanen Family LLC)

15. The allegations set forth in paragraphs 1 through 9 of this Indictment are re-alleged

as if fully set forth herein.

16. On or about May 21, 2020, MURPHY submitted a fraudulent online application to County Bank for a PPP loan on behalf BUCHANEN FAMILY, seeking $20,375 in PPP funds. In the application, MURPHY falsely represented that BUCHANEN FAMILY paid an average monthly payroll of $8,150. MUPRHY also falsely stated that neither he nor any owner of BUCHANEN FAMILY owned or had common management with any other business. MURPHY further caused to be submitted to County Bank a false and fraudulent tax document, Schedule C to IRS Form 1040, for the 2019 tax year.

17. As a result of that fraudulent application, on or about May 26, 2020, County Bank approved the PPP loan application and issued a cashier's check in the amount of $20,375 to BUCHANEN FAMILY. The cashier's check for $20,375 was deposited into a County Bank account ending in 9018.

18. Contrary to the fraudulent representations made by MURPHY, BUCHANEN FAMILY did not pay a monthly payroll of $8,150; MURPHY owned or managed other businesses, such as those on behalf of which he submitted other PPP loan applications; and BUCHANEN FAMILY did not file with the IRS the tax document MURPHY caused to be submitted to County Bank.

*Charging Paragraph*

19. From on or about May 21, 2020, through on or about May 26, 2020, in the District of Delaware and elsewhere, the defendant, BLAINE MURPHY, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, as described in paragraphs 15 through 18 above, incorporated herein by reference, and for the purposes of executing such scheme, did

knowingly transmit and cause to be transmitted by means of a wire communication in interstate commerce, the following:

- On or about May 21, 2020, an electronic loan application sent to County Bank in Delaware from MURPHY, who lived in Florida.

All in violation of 18 U.S.C. § 1343.

## COUNT 3

### (Wire Fraud – Michele My Belle LLC)

20. The allegations set forth in paragraphs 1 through 9 of this Indictment are re-alleged as if fully set forth herein.

21. On or about June 25, 2020, MURPHY submitted a fraudulent online application to County Bank for a PPP loan on behalf of MICHELE MY BELLE, seeking $19,750 in PPP funds. In the application, MURPHY falsely represented that MICHELE MY BELLE paid an average monthly payroll of $7,900. MUPRHY also falsely stated that neither he nor any owner of MICHELE MY BELLE owned or had common management with any other business. MURPHY further caused to be submitted to County Bank a false and fraudulent tax document, Schedule C to IRS Form 1040, for the 2019 tax year.

22. As a result of that fraudulent application, on or about July 2, 2020, County Bank approved the PPP loan application and issued a cashier's check in the amount of $19,750 to MICHELE MY BELLE.

23. Contrary to the fraudulent representations made by MURPHY, MICHELE MY BELLE did not pay a monthly payroll of $7,900; MURPHY owned or managed other businesses, such as those on behalf of which he submitted other PPP loan applications; and MICHELE MY BELLE did not file with the IRS the tax document MURPHY caused to be submitted to County

Bank.

### *Charging Paragraph*

24. From on or about June 25, 2020, through on or about July 2, 2020, in the District of Delaware and elsewhere, the defendant, BLAINE MURPHY, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, as described in paragraphs 20 through 23 above, incorporated herein by reference, and for the purposes of executing such scheme, did knowingly transmit and cause to be transmitted by means of a wire communication in interstate commerce, the following:

- On or about June 25, 2020, an electronic loan application sent to County Bank in Delaware from MURPHY, who lived in Florida.

All in violation of 18 U.S.C. § 1343.

## COUNT 4

### (Wire Fraud – Money-Line Mortgage LLC)

25. The allegations set forth in paragraphs 1 through 9 of this Indictment are re-alleged as if fully set forth herein.

26. On or about June 30, 2020, MURPHY submitted a fraudulent online application to County Bank for a PPP loan on behalf of MONEY-LINE, seeking $18,500 in PPP funds. In the application, MURPHY falsely represented that MONEY-LINE paid an average monthly payroll of $7,400. MUPRHY also falsely stated that neither he nor any owner of MONEY-LINE owned or had common management with any other business. MURPHY further caused to be submitted to County Bank a false and fraudulent tax document, Schedule C to IRS Form 1040, for the 2019 tax year.

27. Contrary to the fraudulent representations made by MURPHY, MONEY-LINE did not pay a monthly payroll of $7,400; MURPHY owned or managed other businesses, such as those on behalf of which he submitted other PPP loan applications; and MONEY-LINE did not file with the IRS the tax document MURPHY caused to be submitted to County Bank.

28. County Bank denied the PPP loan.

*Charging Paragraph*

29. On or about June 30, 2020, in the District of Delaware and elsewhere, the defendant, BLAINE MURPHY, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, as described in paragraphs 25 through 28 above, incorporated herein by reference, and for the purposes of executing such scheme, did knowingly transmit and cause to be transmitted by means of a wire communication in interstate commerce, the following:

- On or about June 30, 2020, an electronic loan application sent to County Bank in Delaware from MURPHY, who lived in Florida.

All in violation of 18 U.S.C. § 1343.

## COUNTS 5–8

### (False Statement on Loan and Credit Applications)

30. The allegations set forth in paragraphs 1 through 29 of this Indictment are re-alleged as if fully set forth herein.

31. On or about the dates set forth below, in the District of Delaware and elsewhere, the defendant, BLAINE MURPHY, knowingly made false statements for the purpose of influencing the action of County Bank, as described in paragraphs 1 through 29 above, in connection with applications for PPP Loans on behalf of four businesses as set forth below:

9

| Count | Date of Application | Associated Business | Falsely Reported Average Monthly Payroll on Application | False Ownership Certification on Application | Fraudulent Tax Documents Submitted with Application |
|---|---|---|---|---|---|
| 5 | May 11, 2020 | Ocean Horizons Maritime Unlimited LLC | $17,529 | Certified that the business or any owner of the business does not own any other business or have common management with any other business | IRS Form 941 (Quarter 1, 2019); IRS Form 941 (Quarter 2, 2019); IRS Form 941 (Quarter 3, 2019); IRS Form 941 (Quarter 4, 2019); IRS Form W-3 (2019) |
| 6 | May 21, 2020 | Buchanen Family LLC | $8,150 | Certified that the business or any owner of the business does not own any other business or have common management with any other business | Schedule C to IRS Form 1040 (2019) |
| 7 | June 25, 2020 | Michele My Belle LLC | $7,900 | Certified that the business or any owner of the business does not own any other business or have common management with any other business | Schedule C to IRS Form 1040 (2019) |

10

| Count | Date of Application | Associated Business | Falsely Reported Average Monthly Payroll on Application | False Ownership Certification on Application | Fraudulent Tax Documents Submitted with Application |
|---|---|---|---|---|---|
| 8 | June 30, 2020 | Money-Line Mortgage LLC | $7,400 | Certified that the business or any owner of the business does not own any other business or have common management with any other business | Schedule C to IRS Form 1040 (2019) |

In truth and in fact, as MURPHY well knew, the average monthly payroll figures were inaccurate, MURPHY owned or had common management with other businesses, and none of the businesses on whose behalf MURPHY submitted the applications filed tax documents with the IRS for the 2019 tax year.

All in violation of 18 U.S.C. § 1014.

## NOTICE OF FORFEITURE

Upon conviction of the offenses alleged in Counts One through Eight of this Indictment, the defendant, BLAINE MURPHY, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461(c), any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of the said offenses. The property to be forfeited includes, but is not limited to, all unreturned proceeds from the PPP loans MURPHY received.

If the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL:


Foreperson

DAVID C. WEISS
UNITED STATES ATTORNEY

BY: _____
Bryan C. Williamson
Assistant United States Attorney

Dated: 5/23/2024